# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DDJ, LLC; and DDJ, INC., | CASE NO. 1:11-mc-00027-AWI-SKO |
| Debtors. | |
| _____ | (Docket No. 1, 2) |
| JOE FLORES; CONNIE FLORES, | |
| Appellants, | |
| v. | |
| JAMES E. SALVEN, Trustee; et al., | |
| Appellees. | |
| _____/ | |

## I.  INTRODUCTION

Appellants Joe Flores and Connie Flores ("Appellants") are seeking to proceed with a bankruptcy appeal, which has been referred to the Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") bearing BAP Nos. EC-11-1318, EC-11-1319, and EC-11-1368. (Doc. 1.)

Appellants filed a request with the BAP panel for a waiver of the appeal filing fee. (Doc. 1.) However, Judges Markell and Jury determined that, under the holding of *Perroton v. Gray (In re Perroton)*, 958 F.2d 889 (9th Cir. 1992) and *Determan v. Sandoval (In re Sandoval)*, 186 B.R. 490, 496 (9th Cir. BAP 1995), the BAP has no authority to grant in forma pauperis motions under 28 U.S.C. § 1915(a) because bankruptcy courts are not "court[s] of the United States" as defined in 28 U.S.C. § 451. The district court, however, has the authority to allow a person to file an appeal without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). Therefore, the BAP transferred appellants' request for a fee waiver to this Court for the limited purpose of ruling on appellants' fee-waiver request. It is this motion to proceed with a waiver of fees that is currently pending before the Court.

## II. DISCUSSION

The bankruptcy judges referred the matter to this Court because a bankruptcy court is not a "court of the United States" within the meaning of 28 U.S.C. § 1915(a), and thus it lacks authority to waive payment of the statutorily required filing fees. *See In re Perroton*, 958 F.2d 889 (9th Cir. 1992).

Tile 28 U.S.C. § 1915(a) provides in pertinent part that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets [the person] possesses," and that the person is unable to pay such fees.

Appellants have submitted a request for a fee waiver and have certified that they are unable to pay the required filing fee at this time. (*See* Doc. 2.) The Court finds, however, that Appellants have not provided the Court with sufficient information to determine whether they should be permitted to proceed in forma pauperis. Appellants shall submit a completed application to proceed in forma pauperis that the Clerk of the Court will serve upon them. Once this application is filed, the Court will have the necessary information to determine whether appellants' request for a fee waiver should be granted.

///

### III.   CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. The Clerk of the Court IS DIRECTED to
   a. Send to Appellants Joe and Connie Flores a blank application to proceed in forma pauperis for a person out of custody; and
   b. Serve Appellants with this order and the application by mail at P.O. Box 3086, Visalia, California, 93278; and
2. Appellants ARE DIRECTED to complete and file the application to proceed in forma pauperis no later than **October 12, 2011.**

IT IS SO ORDERED.

**Dated:   October 5, 2011**            /s/ Sheila K. Oberto
                                                         UNITED STATES MAGISTRATE JUDGE