# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DDJ, LLC; and DDJ, INC., | CASE NO. 1:11-mc-00027-AWI-SKO |
| Debtors. | **ORDER GRANTING APPELLANTS' APPLICATIONS TO PROCEED WITHOUT PREPAYMENT OF FEES** |
| JOE FLORES; CONNIE FLORES, | **ORDER TRANSFERRING THE MATTER TO THE UNITED STATES BANKRUPTCY APPELLATE PANEL OF THE NINTH CIRCUIT** |
| Appellants, | **ORDER DIRECTING THE CLERK OF COURT TO SERVE THIS ORDER ON THE PARTIES AND THE BANKRUPTCY APPELLATE PANEL** |
| v. | |
| JAMES E. SALVEN, Trustee; et al., | |
| | (Docket Nos. 1, 2, 4, 5) |
| Appellees. | |

## I.   INTRODUCTION

Appellants Joe Flores and Connie Flores ("Appellants") are seeking to proceed with a bankruptcy appeal, which has been referred to the Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") bearing BAP Nos. EC-11-1318, EC-11-1319, and EC-11-1368.  (Doc. 1.)

1    Appellants filed a request with the BAP panel for a waiver of the appeal filing fee. (Doc. 1.)
2 However, Judges Markell and Jury determined that, under the holding of *Perroton v. Gray (In re*
3 *Perroton)*, 958 F.2d 889 (9th Cir. 1992) and *Determan v. Sandoval (In re Sandoval)*, 186 B.R. 490,
4 496 (9th Cir. BAP 1995), the BAP has no authority to grant *in forma pauperis* motions under
5 28 U.S.C. § 1915(a) because bankruptcy courts are not "court[s] of the United States" as defined in
6 28 U.S.C. § 451. The district court, however, has the authority to allow a person to file an appeal
7 without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). Therefore, the BAP transferred
8 appellants' request for a fee waiver to this Court for the limited purpose of ruling on appellants' fee-
9 waiver request.

10   On October 6, 2011, the Court ordered Appellants to provide further information by
11 completing and submitting applications to proceed without the prepayment of fees. (Doc. 3.) On
12 October 7, 2011, Appellants each filed applications to proceed without the prepayment of fees.
13 (Docs. 4, 5.) Currently pending before the Court are Appellants' motions to proceed *in forma*
14 *pauperis* and without the prepayment of fees.

## II. DISCUSSION

16   The bankruptcy judges referred the matter to this Court because a bankruptcy court is not a
17 "court of the United States" within the meaning of 28 U.S.C. § 1915(a), and thus it lacks authority
18 to waive payment of the statutorily required filing fees. *See In re Perroton*, 958 F.2d 889 (9th Cir.
19 1992).

20   Tile 28 U.S.C. § 1915(a) provides in pertinent part that "any court of the United States may
21 authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or
22 criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits
23 an affidavit that includes a statement of all assets [the person] possesses," and that the person is
24 unable to pay such fees.

25   Appellants have submitted a request for a fee waiver and have certified that they are unable
26 to pay the required filing fee at this time. (*See* Doc. 2.) On October 6, 2011, the Court found that
27 Appellants had not provided the Court with sufficient information to determine whether they should
28 be permitted to proceed without the prepayment of fees. (Doc. 3.) Pursuant to the Court's order,

Appellants filed additional applications to proceed without prepayment of fees. (Docs. 4, 5.) The Court has reviewed the applications submitted by Appellants as well as the supporting information contained in documents filed on September 27, 2011, and October 7, 2011, and finds that Appellants have made the showing required by 28 U.S.C. § 1915(a) to proceed *in forma pauperis* and without the prepayment of fees. Accordingly, the Appellants' motions to proceed without the prepayment of fees are granted.

Further, as this matter was transferred to this Court for the sole and limited purpose of ruling on Appellants' motions to proceed without the prepayment of fees, the Court orders the matter transferred to the United States Bankruptcy Appellate Panel of the Ninth Circuit.

### III.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Appellants' applications to proceed in forma pauperis and without the prepayment of fees are GRANTED;
2. This matter is TRANSFERRED to the United States Bankruptcy Appellate Panel of the Ninth Circuit;
3. The Clerk of Court is DIRECTED to serve this order by mail as follows:
    a. Upon Appellants Joe and Connie Flores at P.O. Box 3086, Visalia, California, 93278;
    b. Upon the other parties; and
    c. Upon the United States Bankruptcy Appellate Panel of the Ninth Circuit; and
4. This district court case, No. 1:11-mc-00027-AWI-SKO, shall be administratively closed.

IT IS SO ORDERED.

**Dated:   October 17, 2011**                         /s/ Sheila K. Oberto
                                                      UNITED STATES MAGISTRATE JUDGE